### WYMAN et al. v. UNITED STATES.

(Circuit Court, E. D. Missouri, E. D. October 8, 1901.)

1. CUSTOMS DUTIES—CLASSIFICATION—SHEEP DIP.

Paragraph 657 of the tariff act of 1897, which places on the free list "sheep dip not including compounds that can be used for other purposes," permits the free entry of any preparation for sheep dipping, which is in a commercial sense adapted to, and usually and generally employed for, that purpose only; but not of a compound which may be used, and is in fact extensively used, for other purposes.

Appeal by the importers from a decision of the Board of United States General Appraisers, which affirmed a decision of the surveyor of customs at the port of St. Louis.

Rowell & Ferris, for appellants.

Edward A. Rozier, U. S. Dist. Atty.

ADAMS, District Judge. The surveyor of customs classified the importation as a "chemical compound" dutiable at 25 per cent. ad valorem, as provided by section 3 of the act of congress entitled "An act to provide revenue for the government and to encourage the industries of the United States," approved July 24, 1897; and the importers paid the duty under protest. The board of general ap-

praisers having affirmed the decision of the surveyor, the importers have taken the proper steps to bring the question involved before the court for review. It is claimed by them that sheep dip is entitled to admission free of duty under paragraph 657 of said act, which places on the free list "sheep dip, not including compounds that can be used for other purposes." The record and evidence clearly show that the sheep dip imported by the petitioners in this case is a chemical compound, of an oil distilled from coal tar, treated with caustic soda, and mixed with potash soap, and that the same is miscible with water, and can be used not only as a sheep dip, but can be and is extensively used for disinfecting, deodorizing, and antiseptic purposes; that it can be and is also used as a medical preparation for curing and healing wounds, sores, and diseases of the human and animal bodies. The petitioners do not seriously dispute the availability or utility of this compound for all these purposes,—in other words, they admit that this is a chemical compound, that it can be used and is used for purposes other than dipping sheep; but they contend that there is no showing that it can only be used for other purposes than those for which sheep dip can be used, and therefore that it is not within the exception that takes it off the free list. Counsel for the petitioners contend that paragraph 657 of the revenue act in question is ambiguous and uncertain, and that words must be supplied to give it any meaning. They say that the language, "sheep dip not including compounds or preparations that can be used for other purposes," does not and cannot grammatically refer to other purposes than sheep dipping, but must have added or supplied after the words "for the purpose" the following words, namely, "than such purposes as sheep dip can be used for." This seems to be a very subtle and strained interpretation. If the language of the act is ambiguous and uncertain, the language and meaning of the suggested clarifying words, in my opinion, render the act still more ambiguous and uncertain; for, if the exception relates to such compounds as can be used only for purposes other than sheep dip can be used for, it is quite interesting to note the profound import of the section when so amplified. It then would practically mean this, and nothing more: "Sheep dip not including anything that cannot be used as sheep dip;" in other words, sheep dip, and nothing else. This nullifies the whole exception, and I am unwilling to impute to congress any such senseless use of words as is necessarily imputable to it by the construction contended for. It is clear from the evidence in this case that the article imported and called "sheep dip" can be, and is very extensively, used for many other purposes than that for which it was intended by the act in question to be admitted free of duty. The act must receive a rational and reasonable interpretation, and I am disposed to approve of the interpretation placed upon the act by the general appraisers in the case of In re Hulme, G. A. 4124; T. D. 19,228. It is held in that case that the words " 'that can be used for other purposes' refer to a compound fit for other purposes than for dipping sheep in the commercial sense, or that people buy and actually do use for other purposes." This interpretation permits the admission of any preparation for sheep dipping free of duty when the preparation is, in the

commercial sense, adapted to and usually and generally employed for that purpose only. I take it that any preparation that is so adapted to that use and generally employed for that purpose should be admitted free of duty, even though it incidentally may be used for other purposes. If its main and very general purpose is for sheep dipping, it may be brought in free of duty; but if, as in the case at bar, the article is not only used as a sheep dip, but is a compound adapted to and is extensively used for other purposes, such as those just detailed, it is not an article admissible duty free.

I think the board of appraisers reached the correct conclusion in this case, and judgment will be entered accordingly.