## SHALLUS v. STONE.

### (Circuit Court, D. Maryland. December 17, 1906.)

#### No. 205.

CUSTOMS DUTIES—CLASSIFICATION—SHEEP DIP—THYMO-CRESOL.

Thymo-Cresol, a sheep dip which is used also as a disinfectant and otherwise, is, by reason of such other uses, excluded from the provision for "sheep dip, not including compounds or preparations that can be used for other purposes," in Tariff Act July 24, 1897, c. 11, § 2, Free List, paragraph 657, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1687].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision of the Board overruled the protests of Frank H. Shallus, filed in behalf of Jasper M. Lawford, against the assessment of duty by William F. Stone, collector of customs at Baltimore, on imported merchandise known as "Thymo-Cresol," with regard to which the Board made the finding that it consists "essentially of coal-tar oils containing hydrocarbons, cresols and pyridins, together with a small amount of moisture, which when combined produce a substance suitable for use as sheep dip and as a disinfectant compound"; that it "was actually used as a disinfectant in Baltimore and was also administered to cattle for the Texas fever"; and that "it may be used for other purposes than sheep dip."

Stewart Brown and George Stewart Brown, for importer.
John C. Rose, U. S. Atty., for collector.

MORRIS, District Judge. This appeal arises from the assessment by the collector at Baltimore of 20 per cent. ad valorem on 10 casks of a thick fluid known as "Thymo-Cresol," a compound of coal tar, largely used as a sheep wash in Ohio and Texas and other sheep-raising places, and which the collector classified as a preparation of coal tar. The importer duly protested, claiming that the merchandise was entitled to come in free under paragraph 657, Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1687], which exempts from duty "sheep dip, not including compounds or preparations that can be used for other purposes." This qualification of the term "sheep dip" has required at the hands of those administering the law a very careful scrutiny, and has led to frequent decisions with regard to the importations invoiced as "sheep dip" or "sheep wash." The purpose of a sheep wash is to destroy the parasites, vermin, and cure the sores which affect the skin of sheep, and very many preparations which can be beneficially used for that purpose can also be beneficially used as a germicide or insecticide, or a disinfectant where such an article is needed as in toilet closets, drains, stables, etc.

Thymo-Cresol is such an article. It has been heretofore under consideration by the General Appraisers, and in April, 1898 (T. D. 19,228; G. A. 4,124), the Board of General Appraisers in a carefully prepared opinion by General Appraiser Tichenor found that a compound, similar to the one now in question, was a preparation of cresol, dead oil of coal

tar, and other ingredients mixed with water, and while it was principally used as a sheep wash it was also extensively used as a disinfectant, deodorizer, and antiseptic, and ruled that it was a compound used for other purposes besides as a sheep wash, and was not therefore entitled to exemption from duty.

It appears from a letter dated June 10, 1898 (T. D. 19,467) from Assistant Secretary Howell of the Treasury Department that in accordance with the above-mentioned decision of the Board of General Appraisers (G. A. 4,124) the Treasury Department ruled that all the coal tar sheep dips consisting of distilled oils of coal tar saponified with some caustic alkali, with an addition of fatty matter, were not sheep dips that could not be used for other purposes, and were not free of duty, and that no sheep dips were classified as free from duty, except those composed of sulphide of arsenic or orpiment which were used on sheep exclusively. In June, 1901, the same question was before the Board of General Appraisers (T. D. 23,139; G. A. 4,949), on the protest of M. Feigel & Bro., with regard to sheep dip composed of a compound of a soluble creosote oil in combination with an alkali, chiefly used as a sheep wash, but usable also in other ways when a germicide or disinfectant or antiseptic was required, and the same rule was applied.

It is true that under this ruling a great many compounds which are used as a sheep wash are debarred from free entry by the fact that they are also fit for use of other purposes and are actually so used, but it is not a fact, as is urged by the counsel for the importer, that the rule as established and applied by the General Appraisers prevents every sheep dip from free entry.

In the protests of William Parr & Son, decided September 24, 1901 (T. D. 23,285; G. A. 4,996), a yellow ointment containing sulphur, arsenic oxide, and sodium chloride, invoiced as "Hayward's Paste Sheep Dip," was held to be an article compounded especially for use as a sheep dip, and unfit for any other use.

I can see no sufficient reason why the ruling of the General Appraisers, which has prevailed for quite a number of years, and was upheld by District Judge Adams in the case of Wyman v. United States (C. C.) 118 Fed. 202, should be disturbed, and judgment will be entered accordingly.